UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TALIA WELLENSTEIN, | ) | CIV. 10-4078-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION |
| | ) | FOR A PROTECTIVE |
| RENZO CAPOCCI, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff, Talia Wellenstein, filed suit against defendant, Renzo Capocci, claiming emotional damages stemming from her sexual molestation by Capocci. Capocci now moves for a protective order requiring that his deposition be taken in Miramar, Florida, or be taken telephonically. Wellenstein opposes the motion. The motion is denied.

## BACKGROUND

The pertinent facts, in the light most favorable to Wellenstein, the nonmoving party, are as follows: On June 6, 2006, Wellenstein babysat for Capocci's children in Yankton County, South Dakota. While Wellenstein was babysitting, Capocci returned to the residence and engaged in improper sexual contact with Wellenstein, then 14 years old, without Wellenstein's consent. At the time of this incident, Capocci lived in south Florida.

The state of South Dakota brought criminal charges against Capocci under SDCL 22-22-7.4, which outlaws sexual contact with a person capable

of consenting, but whose consent was not obtained.[1] On October 11, 2006, Capocci pleaded guilty to the charge. He was sentenced to 365 days in the Yankton County Jail, of which 275 days were suspended, and he was placed on probation for 2 years.

Wellenstein then brought a civil suit against Capocci for damages resulting from her severe anxiety, fear, and other emotional and physical pain that occurred after the sexual assault. Capocci scheduled his deposition of Wellenstein in Mitchell, South Dakota, on November 19, 2010, where Wellenstein attends Mitchell Technical Institute. At that time, Wellenstein stated that she planned to take Capocci's deposition. Capocci lives in Miramar, Florida, and has lived in southern Florida for many years. Wellenstein stated that she was going to file a Notice of Deposition to take Capocci's deposition in South Dakota. Capocci now moves for a protective order under Federal Rule of Civil Procedure 26(c)(2) requiring Wellenstein to take Capocci's deposition in Miramar, Florida or to take his deposition telephonically.

---

[1] "Sexual contact without consent with person capable of consenting as misdemeanor. No person fifteen years of age or older may knowingly engage in sexual contact with another person other than his or her spouse who, although capable of consenting, has not consented to such contact. A violation of this section is a Class 1 misdemeanor."  SDCL 22-22-7.4.

**DISCUSSION**

Courts generally prefer that parties work discovery issues out without the court's intervention. *Krupp v. St. Louis Justice Cntr.*, No. 4:07-CV-882, 2007 WL 3232252, at *2 (E.D. Mo. Oct. 29, 2007). But if the parties fail to resolve issues, Federal Rule of Civil Procedure 26(c)(1)(B) allows a "court for the district where the deposition will be taken . . . [to] specify[] terms, including time and place, for the disclosure or discovery." Under Rule 26(c)(2), a federal court can grant a protective order setting the location of a deposition. *See Denenberg v. Ruder*, No. 8:05-CV-215, 2006 WL 1559667, at *2 (D. Neb. June 5, 2006) (granting a protective order for a deposition under Rule 26(c)(2)); *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130, 131 (W.D. Mo. 1979) ("It is within the Court's discretion under Rule 26(c)(2) to designate the location for taking depositions.").

"It is well settled that the district court has great discretion in designating the location of taking a deposition." *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975) (citing *Terry v. Modern Woodmen of Am.*, 57 F.R.D. 141 (W.D. Mo. 1972). "[I]n the interests of justice," this "great discretion . . . must be directed toward considering each case on its own facts and the equities of the particular situation." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 588 (D. Minn. 1999) (internal quotations omitted); *see also* 8A Charles Alan Wright, Arthur R. Miller &

Richard L. Marcus, *Federal Practice and Procedure* § 2112 (8th ed. 2010) ("On a motion the court has wide discretion in selecting the place of examination . . . The particular facts of each case will determine the selection of a place for examination."). Reversal of a district court's discovery order "is inappropriate absent a 'gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" *Firefighters' Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 902 (8th Cir. 2000) (quoting *McGowan v. Gen. Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986)).

Generally, "'an out-of-state deponent is under no obligation to travel to the location where the case was filed for a deposition.'" *Ruder*, 2006 WL 1559667, at *1 (quoting *O'Sullivan v. Rivera*, 229 F.R.D. 187, 188 (D.N.M. 2004)). Unless there are exceptional or unusual circumstances, a deposing party should be required to take a deponent's deposition where the deponent resides, even if the deponent is a party. *General Leasing*, 84 F.R.D. at 131; *cf. In re Sportsstuff, Inc.*, No. BK07-82643-TJM, 2009 WL 6338615, at *2 (Bankr. D. Neb. Dec. 7, 2009) (utilizing a four-part test for a corporate defendant: (1) the location of the parties' counsel; (2) the corporation's size and how often its executives travel; (3) the availability of the forum court to resolve discovery disputes; and (4) the nature of the claim and the relationship between the parties).

For unusual circumstances, courts have found that a claim of financial hardship, taken alone, usually does not demonstrate exceptional circumstances. *General Leasing*, 84 F.R.D. at 131. But the expense involved can be a significant factor. *In re Sportsstuff*, 2009 WL 6338615, at *2 (citing *Nat'l Cmty. Reinv. Coal. v. NovaStar Fin., Inc.*, 604 F. Supp. 2d 26, 31-32 (D.D.C. 2009)). Courts generally use their discretion and "consider the relative burden placed upon the parties." Wright, Miller & Marcus at § 2112.

Here, Wellenstein is a college student on a limited budget. She lives in Mitchell, South Dakota. While Capocci often travels all-expenses paid for work, he also has taken his family, consisting of his wife and four children, on a half-work and half-vacation trip to San Diego and a trip to the Dominican Republic to attend a family wedding. Traveling with six people to a foreign country and from southern Florida to southern California is not inexpensive.

Whether the deposition is in South Dakota or Florida, Capocci's expenses are roughly the same. If the deposition is in South Dakota, Capocci will incur expenses to travel from Florida to South Dakota. If Wellenstein deposed Capocci in Florida, however, Capocci's attorney, who maintains his business in South Dakota, would need to travel to southern Florida, a cost that Capocci would likely bear. Wellenstein, on the other hand, would only need to pay travel expenses for her lawyer if the deposition

is in Florida, because her lawyer maintains his business in South Dakota. Thus, Wellenstein has shown that she would incur greater financial difficulties traveling to Florida than Capocci would in traveling to South Dakota.

This case also presents a unique factual background. Courts look to the nature of the case and the relationship of the parties in fashioning discovery orders. *In re Sportsstuff*, 2009 WL 6338615, at *2. The nature of this case is unusual because Capocci has already pleaded guilty to the underlying conduct giving rise to Wellenstein's damages, SDCL 22-22-7.4, sexual contact with a person capable of consenting. Capocci traveled to Yankton, South Dakota, and, while in South Dakota, had sexual contact with Wellenstein without her consent. The criminal action was prosecuted in South Dakota state court. South Dakota maintains personal jurisdiction over this civil matter and is the forum with jurisdiction over discovery disputes.

As an alternative to taking his deposition, Capocci argues that Wellenstein can take his deposition telephonically. The purpose of Federal Rules of Civil Procedure " 'make a trial less a game of blind man's bluff and more a fair contest.' " *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988) (quoting *United States v. Procter & Gamble, Co.*, 356 U.S. 677, 682-83 (1958)). To that end, the deposition-discovery rules " 'are to be

accorded a broad and liberal treatment.' " *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964)). Capocci completed an in-person deposition of Wellenstein and fairness dictates that Wellenstein be allowed to depose Capocci in person as well. Noting that determining a deposition's location entails a case-by-case inquiry, the court finds that equity and fairness require Capocci to travel to South Dakota for his deposition. Accordingly, it is

ORDERED that defendant's motion for a protective order (Docket 12) is denied.

Dated December 8. 2010.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE